**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIANLONG HAO,

              Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 19-73229

Agency No. A200-274-076

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 7, 2021**
Portland, Oregon

Before:  W. FLETCHER, BEA, and FRIEDLAND, Circuit Judges.

Jianlong Hao, a native and citizen of China, petitions for review of a Board

of Immigration Appeals' ("BIA") decision upholding the denial of Hao's

applications for asylum, withholding of removal, and relief under the Convention

---

     *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Hao claimed that he left China after being arrested, detained, and beaten for five days for practicing Christianity in an underground church. The immigration judge ("IJ") concluded that his testimony was not credible and denied all relief. The BIA affirmed the IJ's adverse credibility determination and dismissed Hao's appeal. For the reasons explained below, we deny Hao's petition in part, and dismiss it in part.

The IJ must assess credibility under "the totality of the circumstances" and may arrive at an adverse credibility determination based on "any inaccuracies or falsehoods in [the applicant's] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); see also id. §§ 1229a(c)(4)(C), 1231(b)(3)(C). Here, the BIA and IJ identified three inconsistencies in Hao's testimony, which support the denial of Hao's applications for asylum and withholding of removal for lack of credibility.

First, the BIA and IJ cited an inconsistency about when Hao lost his job. In his declaration, Hao claimed that he lost his job in 2010, which led him to be hospitalized for depression. He said that while he was receiving treatment, he met a hospital volunteer who introduced him to the underground church. When testifying, however, Hao claimed that he lost his job in October 2011. The

2

government's attorney directly asked Hao about the conflicting statements, which provided him adequate opportunity to explain the inconsistency. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[T]he opportunity to explain may be provided through cross-examination by the government, or even direct examination by the [petitioner's] own attorney, not just through a colloquy between the [petitioner] and the IJ.") (citations omitted). The IJ reasonably rejected Hao's explanation that he remained an unsalaried manager and shareholder of the company until October 2011 because it insufficiently addressed the discrepancy. Additionally, in providing his explanation, Hao offered two inconsistent reasons for why he left his job.

Second, the BIA and IJ cited a discrepancy about whether Hao was hospitalized after being detained and beaten by the police. In his initial testimony, he stated that immediately after being released from police custody, he went to his parents' home where they cared for him for about ten days. But when confronted with a statement from his mother that he was first hospitalized, Hao testified that he had been hospitalized, yet failed to explain the inconsistency. Because the hospitalization relates directly to Hao's past persecution claim, the BIA reasonably rejected his argument that it was a trivial omission. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (explaining that adverse credibility

3

determinations may be supported by omissions that tell a more compelling story of persecution).

Third, the BIA and IJ noted that Hao testified that he had never left China prior to entering the United States through the Canadian border. When asked why his passport showed that he had traveled to Malaysia and Thailand before fleeing China, Hao admitted he had been to those countries but provided no explanation for his conflicting testimony. In light of the other inconsistencies, it was appropriate for the BIA to consider this testimony in upholding the IJ's adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1043 n.4 (9th Cir. 2010) ("[M]inor inconsistencies, when aggregated or when viewed in light of the total circumstances, may undermine credibility.").

We therefore conclude that the BIA correctly determined that the IJ's adverse credibility finding is supported by substantial evidence. Accordingly, we need not reach Hao's arguments that, when credited, he has established past persecution and qualifies for withholding of removal.

Finally, we lack jurisdiction to review the IJ's rejection of Hao's application for CAT relief because Hao failed to exhaust that claim before the BIA. *See Brown v. Holder*, 763 F.3d 1141, 1146 (9th Cir. 2014) ("A petitioner may not challenge an order of removal unless he has exhausted his challenge before the

BIA.").  We therefore dismiss that portion of his petition.

**The petition is DENIED in part and DISMISSED in part.**